UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

LYNNE M. BALTHAZOR
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, LLC
and SECURITY CREDIT SERVICES, LLC,

    Defendants.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC, placed telephone calls and sent letters into this District on behalf of SECURITY CREDIT SERVICES, LLC.

## PARTIES

3. Plaintiff, LYNNE M. BALTHAZOR, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC ("LEADING EDGE"), is a limited liability company, all its members are citizens of either the State of Illinois or the State of Missouri with its principal place of business at Suite 300, 5440 North Cumberland Avenue, Chicago, Illinois 60656.

5. Defendant, SECURITY CREDIT SERVICES, LLC, ("SECURITY CREDIT") is a limited liability company. All its members are citizens of the State of Mississippi with its principal place of business at Suite 108, 2653 West Oxford Loop, Oxford, Mississippi, 38655.

6. Defendant, LEADING EDGE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, SECURITY CREDIT, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, LEADING EDGE, regularly collects or attempts to collect debts for other parties.

9. Defendant, SECURITY CREDIT, is a "debt collector" as defined in the FDCPA.

10. Defendant, LEADING EDGE, is a "debt collector" as defined in the FDCPA.

11. Defendant, SECURITY CREDIT, authorized Defendant, LEADING EDGE, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

12. Defendant, LEADING EDGE, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of SECURITY CREDIT.

13. Defendant, SECURITY CREDIT, conveyed information to Plaintiff regarding the alleged debt through Defendant, LEADING EDGE'S telephone calls to Plaintiff.

14. By virtue of its status as a debt collector, SECURITY CREDIT, is vicariously liable to Plaintiff and the class for LEADING EDGE'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

15. Because SECURITY CREDIT is the creditor on whose behalf LEADING EDGE placed the calls, it is vicariously liable to Plaintiff and the class with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for

any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

16.   Defendant, LEADING EDGE sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes, due Wells Fargo Financial Bank.

17.   Plaintiff had a personal credit card with Wells Fargo Financial. She was unable to make the payments and the debt went into default. Wells Fargo Financial sold or otherwise transferred the debt. Defendant, SECURITY CREDIT, purchased or otherwise obtained the alleged debt and was the owner of the alleged debt at the time LEADING EDGE placed calls to Plaintiff.

18.   Defendant, LEADING EDGE, left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> July 13, 2010 at 1:28 PM – Cellular Phone – Pre-Recorded Message
> Black. If could you please return my call at 1-888-306-0435. Thank you.
>
> July 13, 2010 at 1:28 PM – Home Phone – Pre-Recorded Message
> Hello this is Paul Black. Please press 1 at any time during this message to be connected to a representative or return my call at 1-888-306-0435. Again, this is Paul Black. If you could please return my call at 1-888-306-0435. Thank you.

4

19. The forgoing pre-recorded telephone messages are uniform pre-recorded messages and are one of Defendant, LEADING EDGE's, standard messages used to collect debts from consumers.

20. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

21. Defendant, LEADING EDGE, failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages and failed to disclose its name.

22. Defendant, LEADING EDGE failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose Defendant's name.

23. Defendant, LEADING EDGE, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

24. None of Defendant, LEADING EDGE'S, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25. Defendant, LEADING EDGE, willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

26.     Plaintiff incorporates Paragraphs 1 through 25.

27.     Defendant, LEADING EDGE, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

28.     Plaintiff incorporates Paragraphs 1 through 25.

29.     Defendant, LEADING EDGE, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

30.     Plaintiff incorporates Paragraphs 1 through 25.

6

31. Defendant, LEADING EDGE, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates the foregoing paragraphs.

33. This action is brought on behalf of two classes: an FDCPA class and a TCPA class.

34. The FDCPA class is defined as:

    a.    all Florida residents for whom Defendant, LEADING EDGE, left a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call,

    b.    in an attempt to collect a debt incurred for personal, family, or household purposes,

    c.    then due Wells Fargo Financial Bank,

    d.    during the one-year period prior to the filing of the complaint.

35. The TCPA class is defined as:

    a.    all persons having cellular telephone service with Florida area codes to whom Defendant, LEADING EDGE, placed any call using an

automatic telephone dialing system or an artificial or prerecorded voice to the recipient's cellular telephone to which the recipient had not consented, in violation of 47 U.S.C § 227 (b)(1)(A)(iii),

  b.  then due Wells Fargo Financial Bank,

  c.  during the four-year period prior to the filing of the complaint.

36. As a result of Defendant, LEADING EDGE's, negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. As a result of Defendant, LEADING EDGE's, willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

39. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a.      whether Defendant, LEADING EDGE's, messages violate the FDCPA

      b.      whether Defendant, LEADING EDGE's, messages violate the TCPA and

      c.      whether Defendant, LEADING EDGE, is a debt collector.

      d.      whether Defendant, SECURITY CREDIT, is a debt collector.

40.    The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

41.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA, actions under the TCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

42.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, LYNNE M. BALTHZOR, requests that the Court enter judgment in favor of herself and the classes and against Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC and SECURITY CREDIT SERVICES, LLC.

 a. Certification of this matter to proceed as a class action;

 b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA classes;

 c. Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the TCPA class;

 d. A permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any Florida resident using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

 e. Attorney's fees, litigation expenses and costs of suit; and

 f. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

       Respectfully submitted,

       DONALD A. YARBROUGH, ESQ.
       Attorney for Plaintiff
       Post Office Box 11842
       Fort Lauderdale, Florida 33339

        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658